**WITHROW, Plaintiff-Appellee, v. WALDMAN et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2233. Decided April 5, 1954.

20

Pickrel, Schaeffer & Ebeling, by Thomas Green, of Counsel, Dayton, for plaintiff-appellee.

Schlafman & Elliott, Fairborn, for defendant-appellants.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court in favor of the plaintiff-appellee for the sum of $3,600.00 rendered upon the verdict of a jury against the defendant-appellant, Louis S. Gradsky. Numerous errors have been assigned by the appellant, but the brief discusses only the alleged errors relating to the giving of and refusing to give certain special charges to the jury before argument.

The action was one for damages arising out of the collision of a truck allegedly driven by a servant of the appellant, Gradsky, and a motorcycle being operated by the appellee, A. C. Withrow. The truck involved was a coal truck, with the name "Cherokee Coal Company" appearing on it, together with the telephone number of said coal company. Gradsky is engaged in the retail coal business and is the owner of the coal company whose name and telephone number appeared upon the truck.

The defense offered by the appellant was that the truck was being operated by an independent contractor and therefore there was no liability on the part of the appellant, Gradsky. The evidence disclosed that Jean Waldman, a daughter of Gradsky, owned the truck, hired the driver who delivered the coal to its destination for a specified price per ton. There is evidence in the record from which it could be determined that she was the only person having control over the driver of the truck. Jean Waldman also worked in the coal office of Gradsky and had charge of the deliveries of coal being made by trucks owned and operated by Gradsky, as well as those being made by her own truck. It therefore appears she had control over all of the delivery trucks, and whether she was acting as agent for Gradsky or as a principal in the control of her own truck became a question for the jury's determination.

The appellant requested the following charge to be given before argument, which was refused, and which it is claimed constituted prejudicial error.

Special Charge "C":

"The Court charges you as a matter of law that the owner of a truck hiring it out at a stipulated price per ton of coal delivered, who selects and pays the driver, is liable to a person injured by the negligence of such driver, and the person hiring such truck is not liable."

This charge is not correct for the reason that the person hiring the truck would be liable if he retained the power of discretion or control over the work. The charge is silent on the subject of control, and hence is not complete. 1 O. Jur. 617.

The appellant also requested the Court to give special charge "D," which was refused. This charge reads as follows:

"The Court charges you as a matter of law that the expression 'power of control or direction' used in Special Charge No. 2, does not mean that Anderson Worthy was not the employee and agent solely of Jean Waldman, an independent contractor, because said defendant Louis Gradsky could give the address or location to where the coal should be delivered."

We think this charge is ambiguous and is not clear because of the use of a double negative. It is also phrased in such a way that it may be considered as a declaration that Jean Waldman was an independent contractor. The refusal of the trial court to give a requested instruction is not ground for reversal, if the instruction is so obscure, indefinite, or ambiguous as to be calculated to confuse or mislead the jury. 2 O. Jur. 1519, Sec. 794.

It is next complained that the Court erred in giving Special Charge No. 2, which is as follows:

"The Court charges you that if you find from the evidence that at the time of this accident, the truck driver, Anderson Worthy, was acting in the prosecution of the business of the defendant, Louis S. Gradsky, and that defendant, Louis S. Gradsky, had the power of control or direction over the conduct of Anderson Worthy, then Anderson Worthy was the agent of the defendant, Louis S. Gradsky."

This charge was approved by this Court in the case of **Senn v. Lackner, 91 Oh Ap 83,** the sixth syllabus of which is:

"Under the rule of respondeat superior, to obligate a master to respond in damages for the negligent acts of a servant, it must be shown that the servant was acting within the scope of his employment in the prosecution of the master's business, and that the master had the power of control and direction over the conduct of the servant."

It further appears that after deliberating for some time the jury returned for further instructions, the foreman stating:

"The jury would like your interpretation of whether Mrs. Waldman acted as an agent for the coal company or acted as an independent contractor."

The court then correctly gave further instructions, pointing out that it was for the jury to determine the capacity in which Mrs. Waldman had acted.

It also further explained to the jury the liability of Gradsky under

either capacity of operation. The Court had given special charge No. 7 before argument, which properly defined an independent contractor. Counsel for appellant requested the Court to again read this instruction, which it refused to do. This was not error, for the jury was in possession of this special charge at all times throughout its deliberations.

We find no error in the record and the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.